1

2

3

4

5

6

7

8

9

10

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

11 | EDWARD MORRIS,                                    )   Case No.: 1:17-cv-00100-DAD - JLT
                                                       )
12 |              Plaintiff,                           )   ORDER DISMISSING COMPLAINT WITH
                                                       )   LEAVE TO AMEND
13 |        v.                                         )
                                                       )
14 | NORTH OF THE RIVER COMMUNITY               )
     HEALTH CENTER,                                    )
15 |                                                   )
                                                       )
16 |              Defendant.                           )
                                                       )

17

18        Edward Morris is seeking to proceed *pro se* and *in forma pauperis* with an action against

19   Clinica Siera Vista- North of the River Community Health Center.  For the reasons set forth below, his

20   complaint is **DISMISSED** with leave to amend.

21   **I.      Screening Requirement**

22        When an individual seeks to proceed *in forma pauperis*, the Court is required to review the

23   complaint and shall dismiss a complaint, or portion of the complaint, if it is "frivolous, malicious or

24   fails to state a claim upon which relief may be granted; or . . . seeks monetary relief from a defendant

25   who is immune from such relief."  28 U.S.C. § 1915A(b); 28 U.S.C. § 1915(e)(2).  A plaintiff's claim

26   is frivolous "when the facts alleged rise to the level of the irrational or the wholly incredible, whether or

27   not there are judicially noticeable facts available to contradict them."  *Denton v. Hernandez*, 504 U.S.

28   25, 32-33 (1992).

1

## II.      Pleading Standards

General rules for pleading complaints are governed by the Federal Rules of Civil Procedure.  A pleading must include a statement affirming the court's jurisdiction, "a short and plain statement of the claim showing the pleader is entitled to relief; and . . . a demand for the relief sought, which may include relief in the alternative or different types of relief."  Fed. R. Civ. P. 8(a).

A complaint must give fair notice and state the elements of the plaintiff's claim in a plain and succinct manner.  *Jones v. Cmty Redevelopment Agency*, 733 F.2d 646, 649 (9th Cir. 1984). The Supreme Court noted,

> Rule 8 does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.  A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do.  Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (internal quotation marks and citations omitted). Vague and conclusory allegations do not support a cause of action.  *Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982).  The Court clarified further,

> [A] complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [Citation]. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. [Citation]. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. [Citation]. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'

*Iqbal*, 556 U.S. at 679 (citations omitted).  When factual allegations are well-pled, a court should assume their truth and determine whether the facts would make the plaintiff entitled to relief; legal conclusions are not entitled to the same assumption of truth.  *Id.*

The Court may grant leave to amend a complaint to the extent deficiencies of the complaint can be cured by an amendment.  *Lopez v. Smith*, 203 F.3d 1122, 1127-28 (9th Cir. 2000) (en banc).

## III.      Factual Allegations

Plaintiff alleges that on December 3, 2015, his hand was squeezed by the high blood pressure cuff at Clinica Sierra Vista- North of the River Community Health Center.  (Doc. 1 at 5)  He contends that it caused nerve damage, disabled his left arm and caused depression. (*Id.* at 4-5)  In addition,

2

1   Plaintiff asserts he lost 20 pounds since that time, "can't sleep on [his] left side," and requires 24-hour

2   care.  (*Id.* at 5)

3   ## IV.   Discussion and Analysis

4   ### A.   Federal Tort Claims Act

5   Previously, this Court has recognized Clinica Sierra Vista is a federally funded healthcare

6   facility, and the Court has jurisdiction over any tort claims alleged pursuant to 28 U.S.C. § 1346(b).

7   *See Acuna v. County of Kern*, 2010 U.S. Dist. LEXIS 59214, at *2 (E.D. Cal. June 15, 2010).  Because

8   Clinica Sierra Vista is a federally funded medical clinic, the proper defendant in the action is the

9   United States.  *See id.*

10   The Federal Tort Claims Act ("FTCA") is the exclusive remedy against the United States for

11   personal injuries "resulting from the performance of medical, surgical, dental, or related functions ...

12   by any commissioned officer or employee of the Public Health Service ..."  42 U.S.C. § 233(a).

13   Significantly, the FTCA's coverage extends to entities deemed Public Health Service employees, such

14   as federally supported medical clinics.  42 U.S.C. § 233(a).  Accordingly, Plaintiff is required to

15   comply with the FTCA to state a claim for medical malpractice.[1]

16   Under the FTCA, an "action shall not be instituted upon a claim against the United States for

17   money damages" unless a plaintiff has exhausted administrative remedies.  28 U.S.C. § 2675(a).  Thus,

18   only after an administrative claim is denied, or deem denied, may a claimant file an action in federal

19   court.  *Id.*  "The purpose of the FTCA's administrative claim procedure is 'to encourage administrative

20   settlement of claims against the United States and thereby to prevent an unnecessary burdening of the

21   courts.'"  *Brady v. United States*, 2011 F.3d 499, 503 (9th Cir. 2000) (quoting *Jerves v. United States*,

22   966 F.2d 517, 520 (9th Cir. 1992)).  Further, exhaustion of administrative remedies is jurisdictional,

23   and cannot be waived.  *Id.* at 502; *see also Vacek v. United States Postal Service*, 447 F.3d 1248, 1250

24   (9th Cir. 2006) ("We have repeatedly held that the exhaustion requirement is jurisdictional in nature

25   and must be interpreted strictly."). Specifically, the FTCA provides:

26

27

28

---

[1] It is not clear whether Plaintiff seeks to state a claim for medical malpractice in this action, because he failed to clearly identify his claim(s).  In the amended complaint, Plaintiff **SHALL** clearly identify the causes of action upon which he seeks to proceed.

1
2
3
4

> An action shall not be instituted upon a claim against the United States for money damages ... unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section.

5    28 U.S.C. § 2675(a).

6    　　　Plaintiff has failed to demonstrate compliance with the FTCA, or allege facts that support a

7    conclusion that he has exhausted his administrative remedies prior to filing suit.  Accordingly, the

8    complaint should be dismissed with leave to amend, for Plaintiff to clarify the matter of this Court's

9    jurisdiction.

10   　　　**B.     Medical Malpractice**

11   　　　Even if Plaintiff had complied with the FTCA, he fails to state a cognizable claim for medical

12   malpractice. Under California law, the elements of a medical malpractice claim include: "(1) a duty to

13   use such skill, prudence, and diligence as other members of the profession commonly possess and

14   exercise; (2) a breach of the duty; (3) a proximate causal connection between the negligent conduct

15   and the injury; and (4) resulting loss or damage." *Hernandez ex rel. Telles-Hernandez v. United States*,

16   665 F.Supp.2d 1064, 1076 (N.D. Cal. 2009) (citing *Hanson v. Grode*, 76 Cal.App.4th 601, 606

17   (1999)).

18   　　　Plaintiff has not alleged physicians failed to use the skills or diligence as commonly exercised

19   in the profession, a breach of a duty, or negligent conduct.  The facts alleged simply are insufficient to

20   link an employee of Clinica Sierra Vista to the injury alleged.

21   **V.     Leave to Amend the Complaint**

22   　　　Leave to amend should be granted to the extent that the deficiencies of the complaint can be

23   cured by amendment.  *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc).  The Court

24   cannot find with certainty that Plaintiff cannot allege facts supporting a finding that the Court has

25   jurisdiction over the matter.  Further, Plaintiff may allege facts sufficient to support a claim for medical

26   malpractice, if that is the claim upon which he seeks to proceed.  Accordingly, the Court will grant

27   Plaintiff leave to amend the complaint to cure the factual deficiencies of this complaint by alleging

28   additional facts.

1    Plaintiff is advised that an amended complaint supersedes the original complaint. *Forsyth v.*

2  *Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).

3  In addition, the amended complaint must be "complete in itself without reference to the prior or

4  superseded pleading." Local Rule 220.  Once Plaintiff files an amended complaint, the original

5  pleading no longer serves any function in the case.

6    The amended complaint must bear the docket number assigned this case and must be labeled

7  "First Amended Complaint."  Finally, Plaintiff is warned that "[a]ll causes of action alleged in an

8  original complaint which are not alleged in an amended complaint are waived." *King v. Atiyeh*, 814

9  F.2d 565, 567 (9th Cir. 1986) (citing *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981).

10    Accordingly, the Court **ORDERS**:

11    1.    Plaintiff's complaint is **DISMISSED** with leave to amend; and

12    2.    Plaintiff is **GRANTED** 30 days from the date of service of this order to file an

13         amended complaint that complies with the requirements of the pertinent substantive

14         law, the Federal Rules of Civil Procedure, and the Local Rules of Practice.

15  **Plaintiff is advised that failure to file an amended complaint will be considered to be a failure to**

16  **comply with a Court's order, and may result in dismissal of this action.**

17

18  IT IS SO ORDERED.

19    Dated:    **January 26, 2017**                    **/s/ Jennifer L. Thurston**
20                                    UNITED STATES MAGISTRATE JUDGE

21

22

23

24

25

26

27

28

5