UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| EDWARD MORRIS, | ) Case No.: 1:17-cv-00100 - DAD - JLT |
|---|---|
| Plaintiff, | ) <br> ) FINDINGS AND RECOMMENDATIONS <br> ) DISMISSING THE ACTION FOR PLAINTIFF'S |
| v. | ) FAILURE TO PROSECUTE AND FAILURE TO <br> ) COMPLY WITH THE COURT'S ORDERS |
| NORTH OF THE RIVER COMMUNITY HEALTH CENTER, | ) <br> ) |
| Defendant. | ) <br> ) |

Edward Morris alleges that on December 3, 2015, his hand was squeezed by the high blood pressure cuff at Clinica Sierra Vista- North of the River Community Health Center. (Doc. 1 at 5)  He contends that it caused nerve damage, disabled his left arm and caused depression. (*Id.* at 4-5) In addition, Plaintiff asserts he lost 20 pounds since that time, "can't sleep on [his] left side," and requires 24-hour care. (*Id.* at 5)  Because Plaintiff has failed to prosecute this action and failed to comply with the Court's orders, the Court recommends that the action be **DISMISSED** without prejudice.

**I.      Background**

Plaintiff initiated this action by filing a complaint and a motion to proceed *in forma pauperis* on January 23, 2017.  (Docs. 1, 2)  The Court found the information provided in Plaintiff's application to proceed without paying the filing fee was insufficient to determine whether Plaintiff satisfied the requirements of 28 U.S.C. § 1915(a).  (Doc. 3 at 1)  Therefore, the Court ordered Plaintiff to file an amended motion within fourteen days, or no later than February 6, 2017.  (*Id.* at 2)

1

In addition, the Court reviewed the allegations of Plaintiff's complaint, and found Plaintiff "failed to demonstrate compliance with the [Federal Tort Claims Act], or allege facts that support a conclusion that he has exhausted his administrative remedies prior to filing suit." (Doc. 4 at 4) Plaintiff also failed to "state a cognizable claim for medical malpractice." (*Id.*) Consequently, the Court dismissed the complaint with leave to amend. The Court required Plaintiff's amended complaint, if he chose to file one, to allege facts "supporting a finding that the Court has jurisdiction over the matter" and "to cure the factual deficiencies of [his] complaint." (*Id.*) The Court granted Plaintiff thirty days from the date of service to file the amended complaint, and was "**advised that failure to file an amended complaint will be considered to be a failure to comply with a Court's order, and may result in dismissal of this action**." (*Id.* at 5, emphasis in original)

Plaintiff failed to file an amended motion to proceed *in forma pauperis*, after which the Court issued an order to show cause why his request to proceed *in forma pauperis* should not be denied due to his failure. (Doc. 5) At that time, the Court informed Plaintiff: "A court may impose sanctions, including dismissal, based on a party's failure to prosecute an action or failure to obey a court order, or failure to comply with local rules." (*Id.* at 2, citations omitted) Again, Plaintiff failed to comply with or otherwise respond to the Court's order.

Furthermore, although more than thirty days have passed since the complaint was dismissed with leave to amend, Plaintiff has not filed an amended complaint. To date, Plaintiff has not complied with any order of the Court or taken action to prosecute his claims after filing the initial complaint.

## II.     Failure to Prosecute and Obey the Court's Orders

The Local Rules, corresponding with Fed. R. Civ. P. 11, provide: "Failure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." LR 110. "District courts have inherent power to control their dockets," and in exercising that power, a court may impose sanctions including dismissal of an action. *Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action with prejudice, based on a party's failure to prosecute an action or failure to obey a court order, or failure to comply with local rules. *See*, *e.g. Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment

of complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan,* 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

### III.     Discussion and Analysis

To determine whether to dismiss an action for failure to prosecute and failure to obey a Court order, the Court must consider several factors, including: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Henderson*, 779 F.2d at 1423-24; *see also Ferdik*, 963 F.2d at 1260-61; *Thomspon*, 782 F.2d at 831.

In the case at hand, the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket weigh in favor of dismissal. *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) ("The public's interest in expeditious resolution of litigation always favors dismissal"); *Ferdik*, 963 F.2d at 1261 (recognizing that district courts have inherent interest in managing their dockets without being subject to noncompliant litigants).  Judges in the Eastern District of California carry the heaviest caseload in the nation, and this Court cannot, and will not hold, this action in abeyance given Plaintiff's failure to comply with the deadlines set forth by the Court and failure to prosecute.  The risk of prejudice to the defendant also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecution of an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976).

Importantly, Plaintiff was warned: "**failure to file an amended complaint will be considered to be a failure to comply with a Court's order, and may result in dismissal of this action**."  (Doc. 4 at 5, emphasis in original).  In the Order to Show Cause, the Court reminded Plaintiff that "sanctions, including dismissal" may be imposed "based on a party's failure to prosecute an action or failure to obey a court order." (Doc. 5 at 2)  Thus, Plaintiff had adequate warnings that dismissal would result from his noncompliance with the Court's orders, and his failure to prosecute the action.  Further, these warnings satisfy the requirement that the Court consider less drastic measures.  *Ferdik*, 963 F.2d at 1262; *Henderson*, 779 F.2d at 1424.  Indeed, the Court need only warn a party once that the matter

would be dismissed for failure to comply with its orders. *Id.*; *see also Titus v. Mercedes Benz of North America*, 695 F.2d 746, 749 n.6 (3d Cir. 1982) (identifying a "warning" as an alternative sanction).

Given Plaintiff's failure to prosecute the action, and repeated failure to comply with the Court's orders, the policy favoring disposition of cases on their merits is outweighed by the factors in favor of dismissal. *See Malone*, 833 F.2d at 133, n.2 (explaining that although "the public policy favoring disposition of cases on their merits . . . weighs against dismissal, it is not sufficient to outweigh the other four factors").

## IV.     Findings and Recommendations

Plaintiff failed to comply with, or otherwise respond to, the Court's orders dated January 27, 2017 (Docs. 3 and 4) and February 21, 2017 (Doc. 15). Consequently, Plaintiff has also failed to prosecute this action through his failure to file a First Amended Complaint.

Based upon the foregoing, the Court **RECOMMENDS**:

1. This action be **DISMISSED without prejudice**; and
2. The Clerk of Court be DIRECTED to close the action.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within 14 days after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991); *Wilkerson v. Wheeler*, 772 F.3d 834, 834 (9th Cir. 2014).

IT IS SO ORDERED.

Dated:   **March 13, 2017**               **/s/ Jennifer L. Thurston**
                                                            UNITED STATES MAGISTRATE JUDGE